[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiffs have filed a four count complaint arising from a fall occurring while the plaintiff Andrew Tofil was a patron of the defendant Carrie Ann's Inc. d/b/a Kahoots Cafe Grill. The plaintiffs have named as defendants both the owner of the premises, 65 Windsor Avenue, LLC, and the tenant, Carrie Ann's Inc. The defendant 65 Windsor Avenue, LLC has moved for summary judgment as to the First and Second counts of the plaintiffs' complaint dated June 7, 1999 claiming that, as a matter of law, it did not have control or possession of the premises at the time of the fall. The defendant 65 Windsor Avenue maintains that at said time, the tenant, defendant Carrie Ann's Inc. had exclusive control and possession of the premises.
A moving party is entitled to summary judgment if the court is satisfied from the pleadings and proffered documentation that there is no genuine issue as to any material fact. Additionally, in assessing a motion for summary judgment, the court must view the evidence in the light most favorable to the non-moving party. Home Ins. Co v. Aetna Life Casualty Co., 235 Conn. 185 (1995). CT Page 14454
The defendant 65 Windsor Avenue, LLC has provided to the court an affidavit of its president, Daniel Quinn. stating that the premises was leased to Carrie Ann's Inc. and that Carrie Ann's had possession and control of the premises. In opposition to the motion for summary judgment, the plaintiffs have provided to the court a copy of the deposition transcript of Paul O'Brien, the manager of Carrie Ann's Inc. d/b/a Kahoots Cafe Grill. The transcript indicates that Mr. O'Brien was hired by Mr. Quinn, reports to Mr. Quinn and is paid by Mr. Quinn. This constitutes the exercise of control of the premises by Mr. Quinn. It is unclear from the facts presently before the court in what role Mr. Quinn exercises control of the premises, as president of 65 Windsor Avenue, LLC, as an officer of Carrie Ann's Inc., or both. Accordingly, there remains an issue of fact with respect to control of the premises and the motion for summary judgment is denied.
Bishop, J.